IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIONEL NEWMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2539 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the execution of his sentence. Specifically, he challenges respondent's determination that he is ineligible for discretionary mandatory supervised release. Respondent filed a motion to dismiss (Docket Entry No. 4), to which petitioner filed a response (Docket Entry No. 5).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was convicted of two counts of robbery in 1991 and sentenced to ten years imprisonment. He was subsequently convicted of burglary of a habitation with intent to

commit theft in October 2005 and sentenced to thirty-five years imprisonment. He remains incarcerated under this latter conviction.

Petitioner does not challenge his conviction. Rather, he complains that he is being wrongfully classified as ineligible for release to discretionary mandatory supervision ("DMS"). Specifically, he alleges that state officials are wrongly denying his consideration for release to mandatory supervision on his current sentence by retroactively applying Texas Government Code § 508.149(a) to his 1991 conviction for second degree robbery, in violation of his *ex post facto* protections.

Respondent argues that this petition should be dismissed for failure to exhaust. In the alternative, respondent argues that the petition is barred by limitations or stands as an unauthorized successive habeas petition.

*Analysis*

Under 28 U.S.C. Section 2254(b)(1), a state prisoner's application for federal habeas relief may not be granted unless the applicant has exhausted his state court remedies; habeas relief may be granted in absence of exhaustion only if there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *Id*.

Petitioner filed the instant federal habeas petition no earlier than August 13, 2012. In the petition, petitioner reported that he filed his application for state habeas relief with the state trial court on March 30, 2012. Public records for the Harris County District Clerk's

2

Office show that the state application was marked as filed with the trial court on April 11, 2012, and that it was ordered forwarded to the Texas Court of Criminal Appeals on October 22, 2012. The Texas Court of Criminal Appeals denied the application for habeas relief on April 3, 2013.

Consequently, petitioner had not exhausted his state court remedies regarding his claims at the time he filed the instant federal habeas petition. At the time petitioner filed this petition, state law provided him an adequate corrective process through the prosecution and resolution of his pending application for state habeas relief. Indeed, barely four months expired between the trial court's receipt of petitioner's state habeas application and his filing of the instant federal habeas petition. Petitioner's disagreements with the trial court's handling of the application or his belief that the trial court was not adhering to statutory deadlines did not render the state process inadequate or futile. Neither petitioner nor the record reveals any circumstances that rendered such state process ineffective to protect his rights.

Accordingly, the instant petition will be dismissed without prejudice for failure to exhaust state court remedies.[1] Petitioner is advised that, because the Texas Court of Criminal Appeals has now ruled on his application for state habeas relief, he should not delay filing any new federal habeas proceeding he may wish to pursue.

---

[1] Given these circumstances, the Court declines to consider at this time respondent's alternative arguments that the instant petition is successive or barred by limitations.

*Conclusion*

Respondent's motion to dismiss (Docket Entry No. 4) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for failure to exhaust.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

Signed at Houston, Texas on June 27, 2013.

_____
Gray H. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIONEL NEWMAN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2539 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**FINAL JUDGMENT**

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, this civil action is DISMISSED WITHOUT PREJUDICE.

This is a FINAL JUDGMENT.

Signed at Houston, Texas, on June___, 2013.

                                                                            _____
                                                                            Gray H. Miller
                                                                            United States District Judge